Honorable Joe Resweber Harris County Attorney 1001 Preston Suite 634 Houston, Texas 77002
Re: Filing of a death certificate attached to an affidavit of heirship with the county clerk.
Dear Mr. Resweber:
You ask two questions regarding the filing of an affidavit of heirship with a certified copy of a death certificate attached thereto in the public records of real property of Harris County. You first ask whether the Open Records Act prevents the county clerk from accepting the death certificate and making it available to the public.
Section 3(a)(15) exempts from public disclosure `birth and death records maintained by the Bureau of Vital Statistics in the State of Texas.' In Attorney General Opinion H-115 (1973) this office construed the provision as applicable to birth and death records of the type maintained by the Bureau of Vital Statistics and thus determined that the Act applied to birth and death records maintained by the county clerk. Of course, even if the records are excepted from required disclosure, the custodian is not prohibited from releasing them. Texas Open Records Act, V.T.C.S. art. 6252-17a, § 3(c); Open Records Decision No. 177 (1977).
Moreover, although a particular record may be expressly excepted from disclosure when in the custody of one state agency, the exception does not apply to the record when a private party voluntarily makes it available to another public body. In Open Records Decision No. 157 (1977) this office determined that a college transcript in an engineer's licensing file held by the State Board of Registration for Professional Engineers was available to the public under the Open Records Act. The transcript would have been excepted from public disclosure pursuant to section 3(a)(14) of the Act while in the possession of any `educational institutions funded wholly, or in part, by state revenue.' However, the engineer's transcript held by the Board at his request was available to the public. We believe the death certificate offered for filing by a member of the public may be accepted by the clerk and will be available for public inspection in the clerk's files.
Section 6600, V.T.C.S., provides in part:
 The county clerk shall give attested copies whenever demanded of all papers recorded in his office. . . .
The clerk is thus required to give certified copies of the affidavit with attached death certificate to persons requesting it.
 SUMMARY
The Open Records Act does not prevent the county clerk from accepting for filing in real property records a death certificate attached to an affidavit of heirship. The clerk is required to give certified copies of the affidavit with the attached death certificate to persons who request it.
Very truly yours,
 Mark White Attorney General of Texas
 John W. Fainter, Jr. First Assistant Attorney General
 Ted L. Hartley Executive Assistant Attorney General
 Prepared by Susan Garrison Assistant Attorney General